[No. 49392-8.   En Banc.   August 25, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. ALLEN WAYNE SHARON, *Petitioner.*

*Julie A. Kesler* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Barbara B. Linde, Deputy,* for respondent.

BRACHTENBACH, J.—Petitioner was charged with second degree assault in Lewis County. The juvenile court declined jurisdiction on the basis that "the juvenile system is unable to control respondent's assaultive behavior." There is no challenge to the validity of that decline order.

About 7 months later petitioner was charged with second degree burglary in King County Juvenile Court, the prosecutor being unaware of the earlier Lewis County decline. Upon learning of the prior decline order, the prosecutor moved for dismissal in juvenile court with intent to file the charges in adult court. The juvenile court denied the motion. The Court of Appeals reversed. *State v. Sharon,* 33 Wn. App. 491, 655 P.2d 1193 (1982). We affirm the Court of Appeals.

We agree with and only summarize the analysis of the Court of Appeals.

First, the statute vested jurisdiction in the juvenile court of "any individual who is under the chronological age of eighteen years and *who has not been previously transferred to adult court".* (Italics ours.) RCW 13.40.020(10).

We find the statute unambiguous. Once a juvenile offender has been transferred to adult court, that person no longer meets the definition of a "juvenile" over which the juvenile court has jurisdiction. We may not believe that this is the best approach to the treatment of juvenile offenders, but it is a matter within the discretion of the Legislature to determine the manner of treatment of juvenile offenders.

The only other challenge by petitioner is that this result

is a denial of due process. We again agree with the analysis of the Court of Appeals on this issue. We additionally answer petitioner's extensive reliance on *Kent v. United States,* 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045 (1966). The original decline decision is not challenged. *Kent* does not mandate an additional decline hearing on subsequent offenses. Inherent in this conclusion is the assumption that at the original decline hearing the court exercised discretion and applied the due process requirement of *Kent.* If the record affirmatively indicates such exercise of discretion and consideration of the *Kent* standards, the statute then controls without constitutional violation.

We affirm the Court of Appeals.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.