977 P.2d 564 (1999)
138 Wash.2d 43
STATE of Washington, Respondent,
v.
Reyes MORA, Appellant.
No. 66168-5.
Supreme Court of Washington, En Banc.
Argued March 10, 1999.
Decided June 3, 1999.
*565 Nancy L. Talner, Seattle, amicus curiae on behalf of Washington Ass'n of Criminal Defense Attorneys.
Thomas Weaver, Port Orchard, Jeffrey C. Barker, Wenatchee, for Appellant.
Steven M. Clem, Douglas County Prosecutor, Eric C. Bigger, Deputy, Waterville, for Respondent.
MADSEN, J.
Pursuant to RCW 13.04.030(1)(e)(v) of the Basic Juvenile Court Act, juveniles are automatically subject to the jurisdiction of the adult division of superior court when charged with certain enumerated offenses. Petitioner, Reyes Mora, 17 years old, was charged with an offense which subjected him to the statute's automatic decline provisions. However, the State amended its charge and Mora was tried in the adult division of superior court on two offenses which would have otherwise brought him under the exclusive original jurisdiction of the juvenile court. Mora challenged adult court jurisdiction, arguing that when the charges were amended, the superior court was required to remand his case to juvenile court for trial or to conduct a decline hearing. We agree. Accordingly, we reverse and remand for further proceedings.

Facts
The parties have stipulated to the following facts surrounding the incident. On August 6, 1997, at approximately 5:00 p.m., Mora and Billy Conn were riding in a car driven by Baltazar Nava. They were traveling eastbound across a bridge to East Wenatchee. Martin Ramirez was also headed eastbound over the bridge. Mora and his friends, believing that Ramirez had cut them off, made hostile gestures to Ramirez. After crossing the bridge, both cars pulled off the road and a confrontation occurred. Conn assaulted Ramirez with his fists. Mora then struck Ramirez in the head with a pistol. Ramirez sustained several lacerations to the top of his head. A citizen who was driving by stopped to help Ramirez and broke up the fight. Mora and his friends then drove off and eventually discarded the pistol.
When arrested, Mora identified himself as Enrique Quintero with a date of birth on May 7, 1977. Based on this information, the Douglas County Prosecutor filed an information in the adult division of superior court, charging Enrique Quintero a/k/a Carlos Gonzalez with one count of possession of a stolen firearm.
At arraignment, defense counsel objected to adult court jurisdiction on grounds that Mora was actually 17 years old. Defense counsel indicated that Mora had given the wrong name and birth date when he was arrested, but that Mora's juvenile record and the prosecutor's fingerprint check established that he was 17 years old. The trial court granted a continuance in order to hold a hearing on Mora's true identity and age.[1]
On August 26, 1997, when the trial court was scheduled to hear evidence regarding Mora's age, the prosecutor moved to amend the information to add a charge of assault in the second degree while armed with a firearm. *566 The prosecutor then argued that Mora's age was no longer an issue since the charges in the amended information automatically brought Mora under adult court jurisdiction pursuant to RCW 13.04.030(1)(e)(v)(E). Defense counsel objected to the amended information, arguing there was no probable cause for the additional count of assault in the second degree. After testimony was presented from one of the investigating officers, the trial court found probable cause supported the assault charge and permitted the prosecutor's amendment.
On September 30, 1997, the prosecutor filed a second amended information, indicating that he and defense counsel agreed to stipulated facts in exchange for reducing the charge against Mora to possession of a stolen firearm and assault in the third degree. Neither of the offenses charged in the second amended information automatically subjects a juvenile defendant to adult court jurisdiction. The parties proceeded to trial on stipulated facts, and Mora was found guilty on both counts.
On November 20, 1997, defense counsel moved for an arrest of judgment, arguing that the superior court lost jurisdiction over Mora once the prosecutor reduced the charge of assault in the second degree to assault in the third degree. The trial court denied the motion, ruling that jurisdiction attached once probable cause was found on the charge of second degree assault. The trial court stated that since it found no prosecutorial misconduct in filing the first amended information, and since defense counsel and the prosecutor agreed to stipulated facts and a reduced charge of assault in the third degree, adult jurisdiction over Mora was proper. The trial court imposed a 15-month sentence.
Mora appealed and this Court granted direct review.

Analysis
Although juvenile courts generally have exclusive original jurisdiction over proceedings relating to juveniles, there are statutory exceptions provided. One such exception is contained in RCW 13.04.030(1)(e) which confers exclusive original jurisdiction on the adult division of superior court where:
(v) The juvenile is sixteen or seventeen years old and the alleged offense is:
...
(E) Any violent offense as defined in RCW 9.94A.030 committed on or after July 1, 1997, and the juvenile is alleged to have been armed with a firearm.
RCW 13.04.030(1)(e)(v)(E). RCW 9.94A.030 includes assault in the second degree as a violent offense.
At issue in this case is whether the adult division of superior court, which acquires jurisdiction over a juvenile pursuant to the automatic decline provisions of RCW 13.04.030(1)(e)(v), retains jurisdiction when the State amends charges to offenses which are not subject to those decline provisions. There is no question that with respect to the charges in the original information and those in the second amended information Mora would have been before the juvenile court. The State argues, though, that the adult court acquired jurisdiction when the first amended information was filed and properly maintained that jurisdiction over Mora because Mora no longer fell within the statutory definition of "juvenile."
As provided by RCW 13.40.020(14):
"Juvenile," "youth," and "child" mean any individual who is under the chronological age of eighteen years and who has not been previously transferred to adult court pursuant to RCW 13.40.110 or who is otherwise under adult court jurisdiction[.]
The State argues that a prosecutor's decision to charge an offense enumerated in RCW 13.04.030 triggers the automatic decline provisions of the statute placing the juvenile "otherwise under adult court jurisdiction." RCW 13.40.020(14). It then relies on this court's rulings in State v. Sharon, 100 Wash.2d 230, 668 P.2d 584 (1983) and In re Boot, 130 Wash.2d 553, 925 P.2d 964 (1996) for the proposition that once a juvenile is under adult court jurisdiction the court retains jurisdiction regardless of a later amendment charging offenses not listed in RCW 13.04.030.
*567 Neither the statutory language of RCW 13.04.030 nor the case law speaking to the issue of jurisdiction over juveniles supports such a reading. First, the relevant statutes, RCW 13.04.030(1) and RCW 13.40.110, contemplate only two ways by which jurisdiction over a juvenile is transferred to an adult court: (a) either by the filing of specified charges which may automatically bring the juvenile under the jurisdiction of adult court or a court of limited jurisdiction,[2] or (b) following a declination hearing by the juvenile court in which the court transfers the juvenile to adult court for adult criminal prosecution.[3]
With the exception of those offenses set forth in RCW 13.04.030, the Legislature intended that juvenile courts maintain not only exclusive original jurisdiction over all proceedings relating to juveniles, but also discretionary authority to determine whether to transfer jurisdiction to adult court. See RCW 13.40.110; State v. Furman, 122 Wash.2d 440, 447, 858 P.2d 1092 (1993) (in deciding whether to decline jurisdiction, juvenile court must weigh various factors including age of juvenile defendant and seriousness of offense). Thus, the statutes only contemplate the "transfer"of jurisdiction over a juvenile by means of automatic decline, based on the nature of the crime, or an actual decline hearing by the juvenile court.
The addition of the automatic decline provision to the Basic Juvenile Court Act reflects the Legislature's intention to address the problem of youth violence by increasing the severity and certainty of punishment for youth who commit violent acts. Boot, 130 Wash.2d at 563, 925 P.2d 964 (citing LAWS OF 1994, 1st Sp. Sess., ch. 7, § 101). Since the Legislature indicated that only certain offenses will trigger automatic decline it follows that transfer of juveniles to adult court jurisdiction hinges on the nature of the charge for which the juvenile is to be held accountable. This reading of the statute furthers the legislative intent to punish with certainty and more severity those juvenile offenders who commit violent crimes rather than those youthful offenders who commit other crimes. In contrast, tying adult court jurisdiction to the prosecutor's charging decision without regard to later amendment of the charges is neither consistent with the statute's language nor does it carry out the Legislature's intent.
Sharon and Boot are not to the contrary. In Sharon, which was decided prior to the enactment of the automatic decline provision of RCW 13.04.030, the juvenile defendant was charged with second degree assault. Following a hearing, the juvenile court declined jurisdiction because it determined that the juvenile system was unable to control the juvenile's assaultive behavior. Sharon, 100 Wash.2d at 231, 668 P.2d 584. Seven months later, in a separate incident, the juvenile was charged with second degree burglary in juvenile court, and the prosecutor moved for dismissal to file the charge in adult court. Id. Although the State's motion was denied by the juvenile court, we upheld the Court of Appeals reversal. First, once the defendant had been transferred to adult court, he no longer met the definition of "juvenile" in former RCW 13.40.020(10)[4] which excludes *568 those who have "been previously transferred to adult court." Sharon, 100 Wash.2d at 231, 668 P.2d 584. Second, we concluded that applying this unambiguous definition did not violate due process. Id. at 231-32, 668 P.2d 584.
Unlike the situation in Sharon, Mora has never had a decline hearing nor had he previously been tried in adult court. He has neither been "transferred" nor has he "lost" his juvenile status through a prior adult prosecution. Cf. State v. Oreiro, 73 Wash.App. 868, 871, 871 P.2d 666 (1994) ("[w]hen the juvenile court waives jurisdiction, the youth comes under the permanent jurisdiction of the adult criminal system and is treated as an adult as to all future offenses") (emphasis omitted) (citing Sharon, 100 Wash.2d at 231, 668 P.2d 584). Although the State concedes these differences, it relies upon an amendment to the definition of "juvenile" enacted at the same time as the amendment adding the automatic decline provisions to RCW 13.04.030. The Legislature added to the definition of juvenile "any individual ... who is otherwise under adult court jurisdiction." Laws of 1994, 1 st Sp. Sess., ch. 7, § 520. The State urges this court to construe this clause to mean that jurisdiction over a juvenile may turn on a prosecutor's charging decision, regardless of a later amendment. Under the State's analysis, the change in the definition of juvenile reflects the Legislature's intent to treat the prosecutor's charging decision as irrevocably transferring the juvenile to the jurisdiction of adult court.
The amendment to RCW 13.40.020(14) plainly accords with the Legislature's purpose to identify the commission of certain offenses as automatically invoking adult court jurisdiction, thus placing an offender under the age of 18 who has not gone through declination proceedings "under adult court jurisdiction." The amendment does not, however, indicate when a juvenile falls under such jurisdiction. Nor does Sharon suggest by analogy that once such jurisdiction is invoked by an information charging an offense enumerated in RCW 13.04.030(1)(e), the offender irrevocably loses juvenile status. The statutory language at issue in Sharon expressly and unambiguously provided that juvenile status is forever lost once a decline order has been entered. The statute nowhere suggests that a prosecutor's charging decision has the same effect. Moreover, as noted earlier, the State's view that it is the charging decision and not the nature of the charges which dictates adult court jurisdiction is completely at odds with the intent expressed by the Legislature that only certain crimes will trigger automatic decline. It ignores the Legislative purpose to increase the severity and certainty of punishment for youth who commit specified violent acts.
The State's additional reliance on this court's decision in Boot is equally misplaced. In Boot, two juvenile defendants were separately charged. The first juvenile with first degree murder, and the other with, among other things, three counts of first degree kidnapping, enumerated offenses under RCW 13.04.030. In holding that the statute vested exclusive original jurisdiction with the adult criminal court, this court recognized that it was the nature of the committed crime that determined jurisdiction. Because there was no question that the charges pursued against the two juvenile defendants included enumerated offenses, this court found that both juvenile defendants were "otherwise under adult court jurisdiction." Boot, 130 Wash.2d at 563-64, 925 P.2d 964. Although one defendant was also charged with other offenses, bifurcation between adult court and juvenile court was improper because the charges included enumerated offenses. Id. at 563-65, 674 P.2d 136. While the Court cited the language in Sharon which indicates a person's juvenile status is lost once he or she has been transferred to adult court, the analysis in Boot focused on the nature of the offenses upon which the juveniles stood trial, and not simply, as the State argues here, the prosecutor's charging decision.
To the contrary, in Boot we implicitly recognized that the adult court may not retain jurisdiction where the charge pursued at trial is a not an enumerated offense under *569 RCW 13.04.030.[5] We pointed out that a Knapstad[6] motion could be used to challenge the sufficiency of the state's evidence of the enumerated crimes. Boot, 130 Wash.2d at 574, 925 P.2d 964. Further, although we held that the automatic decline provision neither requires nor permits a decline hearing, we also noted that an adult court would lack jurisdiction if the statutory criteria under RCW 13.04.030(1)(e) were not met, thus requiring a declination hearing. Boot, 130 Wash.2d at 565 n. 7, 925 P.2d 964 ("if the adult court determined the statutory criteria for its `exclusive original jurisdiction' under RCW 13.04.030(1)(e)(iv)[[7]] were not met, the court would lack jurisdiction over the juvenile, in the absence of a declination hearing pursuant to RCW 13.40.110"); see also State v. Pritchard, 79 Wash.App. 14, 20, 900 P.2d 560 (1995) (adult criminal court lacks jurisdiction if juvenile court improperly declined juvenile offender). Thus, as we reasoned in Boot, adult court jurisdiction over a juvenile is not irrevocable or absolute, and the statutory criteria, i.e., the nature of the charge, dictates jurisdiction.
Other Washington case law similarly holds that upon a timely challenge, jurisdiction may be terminated, even in the middle of proceedings, if the trial court lacks jurisdiction over the juvenile. See State v. Anderson, 83 Wash.App. 515, 519-20, 922 P.2d 163 (1996) (holding remand to juvenile court proper where juvenile misrepresented her age to law enforcement at time of arrest, but timely challenged adult court jurisdiction and in posttrial hearing established she was under 18); Pritchard, 79 Wash.App. at 17, 20, 900 P.2d 560 (juvenile court's decision declining jurisdiction appealable as a matter of right following guilty plea); In re Application for Writ of Habeas Corpas of Dillenburg, 70 Wash.2d 331, 355, 413 P.2d 940, 422 P.2d 783 (1966) (if transfer of juvenile to adult court jurisdiction improper, then conviction must be reversed and matter remanded for proper proceedings).
We find Mora's analogy between his case and the proceedings in Anderson particularly persuasive. There the juvenile defendant initially misrepresented her age to authorities but later revealed her true age at the time of jury selection when she challenged the adult court's jurisdiction. The judge allowed the trial to proceed but indicated he would discontinue it at any time there was proof of her age. When post-trial evidence established that the juvenile was under 18 years old, the trial court vacated its judgment and remanded the case to juvenile court. Although age is not the issue here (there was no question that Mora was 17 years old), Mora challenged adult court jurisdiction.[8] Once the prosecutor amended the information to charge two offenses which do not result in automatic adult court jurisdiction, the trial court should have remanded the matter to the juvenile court, at which point the State still would have had an opportunity to request a decline hearing.
The legislative intent underlying the automatic decline provision is to impose more severe punishment on juveniles who have committed certain criminal offenses. Given that the automatic decline provision in RCW 13.04.030 is triggered only by an enumerated offense, and in light of the cases requiring remand to the juvenile court where the adult court fails to meet the statutory criteria for exercise of jurisdiction, we conclude the trial court erred when it failed to remand the case to juvenile court following the State's decision to prosecute Mora for offenses not enumerated in RCW 13.04.030(1)(e)(v)(E).
*570 Accordingly, the conviction is reversed and this matter is remanded for further proceedings.[9]
NOTES
[1] Although there was some confusion regarding the Defendant's true age and identity, according to juvenile records in Chelan County, Defendant's true name is in fact Reyes Nepita Mora with a date of birth of May 12, 1980.
[2] RCW 13.04.030 confers jurisdiction in the adult division of superior court or a court of limited jurisdiction over proceedings where a juvenile is at least 16 years of age and commits a traffic, fish, boating, or game offense; or where a 16- or 17-year-old juvenile commits a serious violent offense, such as first degree robbery, burglary, rape of a child, drive-by shooting, or any other violent offense defined in RCW 9.94A.030 while armed with a firearm; and where a juvenile at least 13 years old or older with a prior violent history commits vehicular assault, manslaughter or murder.
[3] RCW13.40.110(1) provides in relevant part:

The prosecutor, respondent, or the court on its own motion may, before a hearing on the information on its merits, file a motion requesting the court to transfer the respondent for adult criminal prosecution and the matter shall be set for a hearing on the question of declining jurisdiction. Unless waived by the court, the parties, and their counsel, a decline hearing shall be held when:
. . . .
(b) The respondent is seventeen years of age and the information alleges assault in the second degree....
[4] At the time State v. Sharon, 100 Wash.2d 230, 668 P.2d 584 (1983) was decided, the definition was found at RCW 13.40.020(10). The definition is now found at RCW 13.40.020(14). The language at issue in Sharon has not changed, though the statute has otherwise been amended as discussed in this opinion.
[5] State v. Calderon, 102 Wash.2d 348, 684 P.2d 1293 (1984) is not to the contrary. In that case, the court held that absent preaccusatorial delay, jurisdiction over a juvenile is determined at the time charges are filed, not at the time the offense is committed. There is no claim of delay in this case and the Defendant here was under age 18.
[6] State v. Knapstad, 107 Wash.2d 346, 729 P.2d 48 (1986).
[7] RCW 13.04.030(1)(e)(iv) is now section (v). Laws 1997, ch. 341, § 3, inserted subdivision (1)(e)(iv) relating to traffic and civil infractions and offenses.
[8] Although in State v. Anderson, 83 Wash.App. 515, 922 P.2d 163 (1996) the State argued that the juvenile waived her right to challenge adult jurisdiction, there is no waiver claimed here.
[9] Mora also argues that his firearm conviction must be vacated because the information did not include the element of knowledge, thus violating the essential elements rule as held in State v. Moavenzadeh, 135 Wash.2d 359, 956 P.2d 1097 (1998). The State concedes error on this point. In light of this concession and our resolution of the case we need not reach this issue nor the remaining constitutional claims raised by Mora.