[No. 52013-0-I. Division One. January 10, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. MONTGOMERY A. MANRO, *Appellant*.

*Michael P. Iaria* and *Neil M. Fox* (of *Cohen & Iaria*), for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Andrea R. Vitalich, Deputy,* for respondent.

¶1 BAKER, J. — This appeal is based on the mistaken assumption that the outcome of a prosecution dictates court jurisdiction. When Montgomery Manro was 17, he was transferred from juvenile court to adult court under RCW 13.04.030(1)(e)(v) and tried on one count of first degree assault and one count of fourth degree assault. RCW 13.04.030(1)(e)(v) grants the adult court exclusive jurisdiction over cases involving 16- or 17-year-old defendants who are charged with certain enumerated, violent offenses, including assault in the first degree. Manro turned 18 after his trial began, but before the jury verdict.

¶2 The jury acquitted Manro of first degree assault, but found him guilty of the lesser crime of fourth degree assault on count I. He was also found guilty of fourth degree assault, as charged, on count II, and sentenced to eight months confinement. He now appeals his conviction and argues that the trial court erred by not granting his motion to extend juvenile jurisdiction under RCW 13.40.300, in anticipation that he might be acquitted of the first degree assault charge. But the jury verdict had no effect on adult court jurisdiction. Hence, even if it had been authorized to do so, there was no reason for the adult court to provisionally extend juvenile jurisdiction. We affirm.

I

¶3 When Montgomery Manro was 17 years old, he and three of his friends attacked two other high school students

in a parking lot. One of the victims suffered a skull fracture and brain injury, resulting in paralysis on the right side of his body. Manro was charged with one count of assault in the first degree and one count of assault in the fourth degree. Manro was tried in adult court because first degree assault is a serious violent offense, which results in automatic transfer to adult court under RCW 13.04.030.

¶4 Before trial, Manro moved to dismiss the first degree assault charge on the grounds that the State did not have sufficient evidence to take the charge to a jury.[1] Alternatively, he requested that the court dismiss the charge without prejudice and remand the case to juvenile court, so that Manro could request that court to extend juvenile jurisdiction. The State could then refile the first degree assault charge in adult court. This request was based on Manro's belief that if he were found not guilty of first degree assault, the fourth degree assault charge and any lesser charges under count I would then be remanded to juvenile court as long as he was 17 when his trial began. The presiding judge denied the motions.

¶5 The following week, Manro reiterated his motion to dismiss without prejudice to a different judge. The judge did not rule on the merits of the motion. Instead, he scheduled the matter for trial on the next available trial date, thus ensuring that trial would begin before Manro turned 18. He also noted that the trial court would address Manro's motion.

¶6 The trial commenced on October 9, 2002.[2] Manro requested that the court extend juvenile jurisdiction over the fourth degree assault charge and all lesser charges under count I, should the first degree assault charge be removed for any reason. The court denied his request, after concluding it did not have authority under RCW 13.40.300

---

[1] *State v. Knapstad*, 107 Wn.2d 346, 354, 729 P.2d 48 (1986).

[2] We reject the State's assertion that trial did not commence until the later date when jury impaneling began. *See State v. Carson*, 128 Wn.2d 805, 820, 912 P.2d 1016 (1996) (holding that a trial commences when the trial court hears and disposes of preliminary motions).

to extend juvenile jurisdiction. It noted that the case "is properly charged at this point in time in adult court and will remain so," therefore the "juvenile court lacks jurisdiction to accept or hear this case."

¶7 Manro turned 18 on October 13. On December 16, he was acquitted of first degree assault, but found guilty of the lesser crime of fourth degree assault on count I. He was also found guilty as charged on count II.

¶8 Before sentencing, Manro moved unsuccessfully to enter a nunc pro tunc order extending juvenile jurisdiction and to arrest judgment or grant a new trial. He was sentenced to two consecutive 12-month sentences, which were suspended on the condition that he serve 7 months in custody on count I and 30 days on count II.

## II

¶9 We engage in statutory interpretation and review appeals involving constitutional rights de novo.[3]

¶10 Two statutory provisions are implicated in this appeal. The first is RCW 13.04.030(1)(e)(v). RCW 13.04.030 provides for exclusive original jurisdiction in the juvenile division of superior court (juvenile court) for all proceedings involving defendants below 18 years of age, with some exceptions.[4] The criminal division of superior court (adult court) has jurisdiction over juveniles in two circumstances. The juvenile court can transfer jurisdiction to adult court under RCW 13.40.110 after it holds a "declination hearing" to determine whether declination of juvenile court jurisdiction is in the best interests of the juvenile and the public.[5] Alternatively, if the juvenile is 16 or 17 and the alleged

---

[3] *Estate of Otani v. Broudy*, 151 Wn.2d 750, 753, 92 P.3d 192 (2004); *State v. Stanley*, 120 Wn. App. 312, 314, 85 P.3d 395 (2004).

[4] The juvenile court is a branch or "session" of the superior court. *In re Habeas Corpus of Dillenburg*, 70 Wn.2d 331, 352, 413 P.2d 940, 422 P.2d 783 (1966). Therefore, referring to the "jurisdiction" of adult versus juvenile court is not a truly accurate use of the word with respect to its traditional meaning. *Dillenburg*, 70 Wn.2d at 353.

[5] RCW 13.40.110; *State v. Anderson*, 83 Wn. App. 515, 518, 922 P.2d 163 (1996).

offense is enumerated in RCW 13.04.030(1)(e)(v), the defendant is automatically transferred, and the adult court has exclusive jurisdiction.[6] When a defendant is charged with a violent crime that automatically places him within the authority of adult court, the court has exclusive jurisdiction over all charges against the defendant.[7]

¶11 The second provision involved in this appeal is RCW 13.40.300. It authorizes the juvenile court to extend jurisdiction over a defendant past his 18th birthday in some circumstances.[8] But the juvenile court must have jurisdiction over the proceeding before it can extend jurisdiction.[9] Juvenile jurisdiction ends when a defendant turns 18, unless the court has extended jurisdiction under RCW 13.40.300.[10]

¶12 Manro argues that the trial court erred by concluding that RCW 13.40.300 does not permit the adult court to extend juvenile jurisdiction. He maintains that this interpretation of the statute is incorrect and inconsistent with the constitution and international law. First, Manro urges this court to read language into RCW 13.40.300 that authorizes the adult court to extend juvenile jurisdiction. Alternatively, Manro argues that RCW 13.40.300 is unconstitutional because it violates his rights to equal protection and procedural due process.

¶13 Manro makes an incorrect assumption about the law. His arguments concerning RCW 13.40.300 are based on his assumption that jurisdiction was defeated under RCW 13.04.030 when the jury acquitted him of first degree assault. He believes that if he had still been 17 years old at

---

[6] RCW 13.04.030.

[7] *State v. Salavea*, 151 Wn.2d 133, 141 n.3, 86 P.3d 125 (2004); *In re Boot*, 130 Wn.2d 553, 575, 925 P.2d 964 (1996); *State v. Sharon*, 100 Wn.2d 230, 231, 668 P.2d 584 (1983).

[8] It cannot extend jurisdiction past age 21, however. RCW 13.40.300.

[9] RCW 13.40.300(1)(a). The statute allows the court to extend jurisdiction when proceedings are pending, when it is necessary for the imposition of disposition or execution of disposition, and if the court previously extended jurisdiction.

[10] RCW 13.40.300(4).

that time, his case would have been remanded to juvenile court. No appellate court has decided whether the outcome of the prosecution affects jurisdiction under RCW 13.04.030(1)(e)(v).

¶14 Manro cites *State v. Mora*[11] in support of his position. In *Mora*, our Supreme Court considered whether the adult court lost jurisdiction when the State amended charges against a defendant to include only nonautomatic-transfer offenses.[12] The defendant was originally charged with assault in the second degree with a firearm, which is an enumerated offense under RCW 13.04.030(1)(e)(v), and he was transferred to adult court.[13] The State later amended the charges to possession of a firearm and assault in the third degree in exchange for the defendant stipulating to facts.[14] The latter offenses do not automatically invoke adult court jurisdiction. Rather, the juvenile court must hold a declination hearing before a juvenile defendant is transferred to adult court to be tried on such charges. Mora appealed his adult court conviction, arguing that jurisdiction was no longer appropriate when the State amended the charges. Our Supreme Court agreed. It concluded that "adult court jurisdiction over a juvenile is not irrevocable or absolute,"[15] and noted that it is the nature of the charges, not the charging decision, that dictates adult court jurisdiction.[16]

¶15 Unlike *Mora*, the statutory criteria for exclusive original jurisdiction under RCW 13.04.030(1)(e)(v) were met in this case. The State did not amend the charges against Manro. Rather, he was found not guilty of assault in the first degree. Thus, we must first decide whether acquit-

---

[11] 138 Wn.2d 43, 977 P.2d 564 (1999).

[12] *Mora*, 138 Wn.2d at 48.

[13] RCW 13.04.030(1)(e)(v)(E); *Mora*, 138 Wn.2d at 46.

[14] *Mora*, 138 Wn.2d at 47.

[15] *Mora*, 138 Wn.2d at 53.

[16] *Mora*, 138 Wn.2d at 52.

tal of all automatic-transfer offenses defeats adult court jurisdiction under RCW 13.04.030(1)(e)(v).

## A. RCW 13.04.030(1)(e)(v)

 ¶16 When a statute is ambiguous, we apply principles of statutory construction, legislative history, and relevant case law, giving effect to the legislature's intent.[17] But when the plain language of a statute is clear on its face, we do not engage in rules of statutory interpretation. We interpret statutory language in the context of the entire statute and its purpose, and avoid strained interpretations.[18] Where possible, however, we will interpret a statute as constitutional.[19]

 ¶17 RCW 13.04.030 is clear on its face. While some jurisdictions have adopted statutes that provide procedures upon acquittal of all automatic-transfer charges,[20] RCW 13.04.030 is silent on this issue. But its wording indicates that it is the nature of the charge which justifies adult court jurisdiction. It states, "the juvenile courts in this state shall have exclusive original jurisdiction . . . unless . . . [t]he juvenile is sixteen or seven-

---

[17] *Yousoufian v. Office of King County Executive*, 152 Wn.2d 421, 434, 98 P.3d 463, 471 (2004).

[18] *City of Seattle v. Clark-Munoz*, 152 Wn.2d 39, 43-44, 93 P.3d 141 (2004).

[19] *Pub. Util. Dist. No. 1 of Pend Oreille County v. Dep't of Ecology*, 146 Wn.2d 778, 834-35, 51 P.3d 744 (2002) (citing *State v. Furman*, 122 Wn.2d 440, 458, 858 P.2d 1092 (1993); *Grant v. Spellman*, 99 Wn.2d 815, 827, 664 P.2d 1227 (1983); *State v. Collins*, 55 Wn.2d 469, 470, 348 P.2d 214 (1960); *State ex rel. Davis v. Clausen*, 160 Wash. 618, 632, 295 P. 751 (1931)).

[20] *E.g.*, 18 U.S.C. § 5032 (requiring that further proceedings against a juvenile be held pursuant to the juvenile delinquency statute whenever a juvenile "is not convicted of the crime upon which the transfer [to district court] was based or another crime which would have warranted transfer"); Or. Rev. Stat. § 419C.361 (providing that if "the person is found guilty of any lesser included offense that is not itself a waivable offense, the trial court shall not sentence the defendant therein, but the trial court shall order a presentence report to be made in the case, shall set forth in a memorandum such observations as the court may make regarding the case and shall then return the case to the juvenile court in order that the juvenile court make disposition in the case based upon the guilty finding in the court of waiver"); Conn. Gen. Stat. § 46b-127(c) (providing that if a "child is found not guilty of the charge for which he was transferred or of any lesser included offenses," the child resume his status as a juvenile).

teen years old and the *alleged* offense is [a] serious violent offense as defined in RCW 9.94A.030."[21] Use of the word "alleged" indicates that our legislature intended the charge, not the final outcome, to dictate the proper court jurisdiction.[22] The legislature's silence regarding alternative procedures upon acquittal of all automatic-transfer charges also indicates that the outcome of the prosecution has no effect on jurisdiction.

¶18 This interpretation is consistent with one of the purposes behind the Juvenile Justice Act of 1977, chapter 13.40 RCW, which is to "[p]rovide for a clear policy . . . to determine the jurisdictional limitations of the courts."[23] If the legislature intended the outcome of the prosecution to dictate jurisdiction, then adult court jurisdiction would be provisional throughout the prosecution. This does not harmonize with the legislature's intent to clearly delineate jurisdictional boundaries. Nor does it mesh with one of its objectives for adopting the automatic-transfer provision, which was to reduce the fiscal impact of violence.[24] Valuable court time and money would be wasted if adult court jurisdiction was deemed improper after a full trial.

¶19 Thus, RCW 13.04.030 is clear on its face—jurisdiction attaches when certain enumerated offenses are charged. The outcome of the prosecution has no effect on jurisdiction. The plain language of the statute, coupled with

---

[21] RCW 13.04.030(1)(e)(v)(A) (emphasis added).

[22] Colorado courts have adopted the same interpretation of "alleged," reasoning the words "charged" and "alleged" demonstrate that "the [Colorado Legislature] intended the *indictment*, and not the subsequent conviction, to trigger the allocation of juvenile and district court jurisdiction." Further, "jurisdiction is not lost simply because the juvenile defendant is convicted of a lesser offense." *People v. Davenport*, 602 P.2d 871, 872 (Colo. Ct. App. 1979) (citing *Gray v. State*, 6 Md. App. 677, 253 A.2d 395 (1969)); *People v. Hughes*, 946 P.2d 509 (Colo. Ct. App. 1997) *overruled on other grounds by Valdez v. People*, 966 P.2d 587 (Colo. 1998).

[23] RCW 13.40.010(2)(j); *State v. Cirkovich*, 41 Wn. App. 275, 279, 703 P.2d 1075 (1985) (noting that "one of the express purposes of the Act as stated in RCW 13.40.010(2)(j) is to provide clear policy as to jurisdiction").

[24] LAWS OF 1994, 1st Spec. Sess., ch. 7, § 101, at 2197-98.

the legislature's objectives, leaves no room for a different interpretation.[25]

## B. Constitutional Challenges

¶20 Because Manro incorrectly assumed the acquittal of first degree assault defeated adult court jurisdiction, he did not question the constitutionality of RCW 13.04.030. Rather, he challenged only the constitutionality of RCW 13.40.300. Regardless, RCW 13.04.030 is constitutional.

¶21 In *In re Boot*,[26] Justice Alexander noted in a concurring opinion that the application of RCW 13.04.030 may cause two defendants of the same age, who commit the same crimes, to suffer different punishments.[27] This is, in fact, the circumstance in which Manro finds himself. He is being punished more severely than would be a defendant of the same age, who was found guilty of two counts of fourth degree assault in juvenile court.

¶22 Nevertheless, equal protection does not ensure complete equality among individuals or classes. Rather, it ensures equal application of the laws to persons similarly situated.[28] Our Supreme Court has held that initially sending two 16- or 17-year-old defendants to different courts based on the nature of the charges against them is constitutional.[29] Two juveniles are no longer similarly situated once they are sent on different paths, one in adult court and the other in juvenile. Thus, we do not engage in an equal protection analysis.

¶23 Manro also argues that "to prohibit the extension of juvenile jurisdiction over non-auto-decline offenses would be to approve of the transfer of such offenses to adult

---

[25] Further, Manro's argument that the statute be read in compliance with international law is unavailing. We will not misconstrue a constitutional statute in order to comply with principles under international law.

[26] 130 Wn.2d 553, 925 P.2d 964 (1996).

[27] *Boot*, 130 Wn.2d at 577-78 (Alexander, J., concurring).

[28] *State v. Simmons*, 152 Wn.2d 450, 458-59, 98 P.3d 789, 793 (2004).

[29] *Boot*, 130 Wn.2d at 572, 574.

court without a decline hearing, in violation of the due process clause." But our Supreme Court has held that when a defendant is charged with an automatic transfer offense, the adult court is vested with exclusive jurisdiction over all charges against the defendant.[30] Because Manro was properly tried in adult court under RCW 13.04.030(1)(e)(v), he was not entitled to a declination hearing under RCW 13.40.110. Therefore, he was not deprived of procedural due process.[31]

¶24 Affirmed.

GROSSE and KENNEDY, JJ., concur.

Review denied at 155 Wn.2d 1010 (2005).

---

[30] *Salavea*, 151 Wn.2d at 141 n.3; *Boot*, 130 Wn.2d at 575; *Sharon*, 100 Wn.2d at 231.

[31] Even if jurisdiction were improper, Manro would not be deprived of due process. When the adult court improperly exercises jurisdiction over a defendant, but he has since turned 18, the appropriate remedy is to hold a *Dillenburg* hearing in adult court. *Dillenburg*, 70 Wn.2d at 355-56; *State v. Anderson*, 83 Wn. App. 515, 522, 922 P.2d 163 (1996). The court holds a *Dillenburg* hearing to determine whether jurisdiction would have been appropriate after a declination hearing. It offers the same constitutional guaranties as a declination hearing. *Dillenburg*, 70 Wn.2d at 355. If jurisdiction is deemed improper after a *Dillenburg* hearing, the conviction will be vacated and the defendant retried in adult court. *Dillenburg*, 70 Wn.2d at 355-56.