[No. 51815-1-I.   Division One.   April 19, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. R.J., *Appellant*.

*Harlan R. Dorfman* and *David B. Koch* (of *Nielsen, Broman & Koch, P.L.L.C.*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Erin H. Becker, Deputy*, for respondent.

ELLINGTON, J. — When a juvenile between the ages of 13 and 18 is found to have committed certain alcohol violations, including possession of liquor, the juvenile court is required to notify the Department of Licensing, and the Department revokes the juvenile's driver's license for a period of time. The only question in this case is whether the notification statute is triggered by the juvenile's age on the date of the offense, or by the age on the date of adjudication. Here, the juvenile committed an alcohol offense when he was 17 years old. His adjudication did not occur, however, until after his 18th birthday. We hold the juvenile's age on the date of the offense determines whether notification is required, and affirm the juvenile court's decision to notify the Department.

## BACKGROUND

In October 2002, R.J. was 17 years old. He was charged in juvenile court with being a minor in possession of liquor, in violation of RCW 66.44.270(2). The charge was not adjudicated until after R.J. turned 18 in November. R.J. argued that because he had turned 18 before the court found him

guilty, the notification statute did not apply. The juvenile court ruled that the relevant date for purposes of the notification statute was the date of violation, and notified the Department of Licensing.

## DISCUSSION

■■ The notification statute, RCW 66.44.365(1), provides:

> If a juvenile thirteen years of age or older and under the age of eighteen is found by a court to have committed any offense that is a violation of this chapter, the court shall notify the department of licensing within twenty-four hours after entry of the judgment.

The age requirement in this statute can be interpreted two ways: age at the time the offense is committed, or age at the time adjudication occurs. Because the language is ambiguous, we apply principles of statutory interpretation to discern its meaning.[1]

■ Here, the intent of the legislature is readily apparent.[2] The statute was enacted in 1988, along with similar provisions codified in the motor vehicle and juvenile courts chapters of the code, to address the problem of underage consumption of alcohol and drugs and the attendant risks of motor vehicle accidents caused when juveniles drive while under the influence.[3] The purpose of the legislation is expressed in the following findings:

> The legislature finds that many persons under the age of eighteen unlawfully use intoxicating liquor and controlled substances. The use of these substances by juveniles can cause

---

[1] See Whatcom County v. City of Bellingham, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996).

[2] R.J. argues that the rule of lenity requires us to construe the statute in his favor. But the rule of lenity does not apply where statutes can be reconciled in a way that reflects the legislature's clear intent. State v. Oakley, 117 Wn. App. 730, 734, 72 P.3d 1114 (2003). As we are able to discern that intent, we need not resort to the rule of lenity to resolve this matter.

[3] See RCW 46.20.265; RCW 13.40.265; Laws of 1988, ch. 148.

serious damage to their physical, mental, and emotional well-being, and in some instances results in life-long disabilities.

The legislature also finds that juveniles who unlawfully use alcohol and controlled substances frequently operate motor vehicles while under the influence of and impaired by alcohol or drugs. Juveniles who use these substances often have seriously impaired judgment and motor skills and pose an unduly high risk of causing injury or death to themselves or other persons on the public highways.

The legislature also finds that juveniles will be deterred from the unlawful use of alcohol and controlled substances if their driving privileges are suspended or revoked for using illegal drugs or alcohol.[4]

The Supreme Court explained in *State v. Shawn P.*[5] that "[t]his and similar legislation in other states recognizes that young people place a high value on their drivers' licenses," and is based upon the premise that the threat of loss of that license may deter unlawful use of alcohol:

The purpose of this type of legislation is to help juveniles avoid using alcohol by providing the additional incentive of loss of driving privileges. The laws are thus designed, in part, to give juveniles a reason to say no and to provide them with a powerful peer-acceptable excuse to refrain from using alcohol.[6]

In *Shawn P.*, the question was whether this same statute violates principles of equal protection by requiring revocation of driving privileges for those under 18, but not for those between the ages of 18 and 21 who commit the same offense. The court held that numerous distinctions between minor teenagers and those over 18 provide rational bases for limiting the notification requirement to younger offenders.

---

[4] Laws of 1988, ch. 148, § 1 (included in the notes following RCW 13.40.265).

[5] 122 Wn.2d 553, 563, 859 P.2d 1220 (1993).

[6] *Id.* (citing Michael S. Vaughn, Victor E. Kappeler & Rolando V. del Carmen, *A Legislative and Constitutional Examination of "Abuse and Lose" Juvenile Driving Statutes*, 19 Am. J. Crim. L. 411, 416 (1992)).

Among the distinctions identified by *Shawn P.* is the fact that "most persons 18 to 21 years old have finished high school and have a greater dependence on a driver's license for education, employment or family needs."[7] R.J. focuses on this part of the court's rationale, and contends the statute provides no deterrence for juveniles over 18, whereas it does serve as a deterrent for 12-year-olds because, if they are 13 at the time of adjudication, the statute applies. He also points out that those who are 18 are usually no longer within the "social milieu"[8] of high school, and are therefore not subject to the pressures the statute was designed to combat. R.J. contends that imposing the license revocation penalty on those who are already 18 will not accomplish the primary goal of the legislation, which is to deter drinking among younger teenagers.

This argument is not persuasive. For those nearing their 18th birthdays (and still, ordinarily, within the social milieu of high school), this interpretation would greatly diminish the deterrent effect of the threat of license revocation, because adjudication may well take long enough to put them out of reach of the notification requirement. The prospect of escaping the revocation penalty may encourage juveniles to delay disposition of their cases. The reverse would occur for 12-year-old offenders, who might feel pressured to plead guilty before turning 13 in order to escape the potential revocation penalty.

Perhaps the most troubling consequence of R.J.'s interpretation is that two individuals, both just shy of 18 years old, who commit the same violation, under the same circumstances and at the same age, could receive different treatment based upon a completely arbitrary factor: how long it takes for each case to proceed through the juvenile justice system. This is an untenable result, and undermines the goal of deterring minors from unlawfully consuming alcohol. We are confident the legislature had in mind the

---

[7] *Id.* at 565.

[8] Br. of Appellant at 13.

juvenile's age at the time of offense, not at the time of adjudication.[9]

 We hold that the notification requirements of RCW 66.44.365 are triggered by the juvenile's age on the date of the offense.

Affirmed.

Cox, C.J., and BECKER, J., concur.

_____

[9] In its recent decision in *State v. Salavea*, 151 Wn.2d 133, 86 P.3d 125 (2004), the Washington Supreme Court addressed the effect of a statutory age element upon juvenile court jurisdiction in certain serious offense cases. The court held that RCW 13.04.030(1)(e)(v), which provides that jurisdiction is automatically transferred to adult court if the juvenile is 16 or 17 years old and the alleged offense is an enumerated crime, refers to the individual's age at the time of the proceedings, rather than age at the time of the offense. The question of juvenile court jurisdiction has no bearing on the case before us.