**In the Matter of D.L.J., Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–95–01379–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 15, 1998.

Susan Criss, Galveston, for Appellant.

Michael J. Guarino, B. Warren Goodson, Jr., Galveston, for Appellee.

Before COHEN, HEDGES and TAFT, JJ.

### OPINION

COHEN, Justice.

After a certification hearing that occurred over three non-consecutive days, the trial judge found D.L.J., Jr. competent to stand

trial as an adult, waived juvenile court jurisdiction, and transferred the case to district court. A district court jury convicted D.L.J., Jr. of murder.[1] Appellant complains that his right to counsel was violated during the certification hearing. We reverse the order certifying appellant to stand trial as an adult and remand the cause.

## Facts

The certification hearing began on July 18, 1995. Attorneys for both sides were present. Dr. Grace Jameson, a psychiatrist, testified that appellant could be tried as an adult. On cross-examination by appellant, Dr. Jameson testified she had not seen all relevant medical records, and the judge adjourned the hearing to let her do so. The records showed that D.L.J., Jr. had been hospitalized once for psychiatric treatment and placed in a school for disordered children.

On July 21, 1995, the hearing resumed. However, appellant's counsel was not present, and the cross-examination of Dr. Jameson was never continued. The State conducted re-direct examination of Dr. Jameson, who again testified that appellant could stand trial as an adult.

Following Dr. Jameson's testimony, the judge allowed D.L.J., Jr.'s mother to testify about her son's mental problems. Following this testimony, the hearing again recessed.

On July 28, 1995, the hearing reconvened for the last time; appellant's counsel was present. Additional witnesses were questioned, but Dr. Jameson was not among them. The trial judge then decided to transfer the matter to district court, where appellant was tried as an adult.

## Analysis

 In one point of error, appellant complains that continuing the certification hearing in his attorney's absence violated his right to counsel. We agree.

Appellant's attorney was not present on July 21, the second day of the hearing,[2] to cross-examine the doctor or to question appellant's mother. This was a critical stage of the proceeding. *See Kent v. United States,* 383 U.S. 541, 556–57, 86 S.Ct. 1045, 1055, 16 L.Ed.2d 84 (1966). The major issue at the certification hearing was D.L.J.'s competency to defend himself in district court. Dr. Jameson's testimony was important on that issue. She was the sole expert witness.

 Denial of the right to counsel at the certification hearing was structural error that is per se reversible; no harmless error analysis is required. *See Gideon v. Wainwright,* 372 U.S. 335, 344, 83 S.Ct. 792, 796, 9 L.Ed.2d 799 (1963). State law on this subject is similarly uncompromising. "The child's right to representation by an attorney shall not be waived in: (1) a hearing to consider transfer to a criminal court as required by Section 54.02 of this code...." Tex. Fam.Code Ann. § 51.10(b)(1) (Vernon 1996).

We sustain the sole point of error.

We reverse the judgment and remand the cause.

---

1. This conviction is currently on appeal in the 14th District Court of Appeals.

2. The State contends these hearings on July 18 and July 21 were "in chamber pre-hearing conferences on the diagnostic study (psychiatric evaluation)," which preceded the "formal evidentiary hearing" on July 28. The record is to the contrary. When the hearing began on July 18, the prosecutor stated: "Judge, do you want to give the— tell the juvenile why he's here, that this is part of the certification?" Soon thereafter, the judge stated: "And if I transfer you or certify you to stand trial as an adult, that's what this is all about. Do you understand that?" The court reporter's record states that the proceedings on July 18 and 21 were "a hearing on the Second Amended Petition for Waiver of Jurisdiction and Discretionary Transfer to District Court...." For the date of July 18, the docket sheet states, "Transfer hearing commenced with testimony of Dr. Grace Jameson." This was a transfer hearing under Texas Family Code Section 54.02 (Vernon 1996).