PD-1634-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/22/2014 2:36:18 PM
Accepted 12/29/2014 2:13:36 PM
ABEL ACOSTA
CLERK

NO. PD-1634-14

IN THE COURT OF CRIMINAL APPEALS
STATE OF TEXAS

---

## AARON JACOB MOORE, Appellant

## VS.

## STATE OF TEXAS, Appellee

---

N0. 01-13-00663-CR
IN THE FIRST COURT OF APPEALS, HOUSTON, TEXAS

CAUSE N0. 12-DCR-059791
IN THE 400TH DISTRICT COURT, FORT BEND COUNTY, TEXAS

---

### STATE'S PETITION FOR DISCRETIONARY REVIEW

---

John F. Healey
District Attorney, 268th Judicial District
Fort Bend County, Texas

Alex Foley
Gail Kikawa McConnell
SBOT #11395400
Assistant District Attorney
301 Jackson Street
Richmond, Texas 77469
(281) 341-4460 / (281) 238-3340 (fax)
Gail.McConnell@fortbendcountytx.gov

Counsel for the State

FILED IN
COURT OF CRIMINAL APPEALS

December 29, 2014

ABEL ACOSTA, CLERK

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

Hon. Jeffrey A. McMeans          Juvenile Court Judge
County Court at Law No. 2
Fort Bend County, Texas

Hon. Clifford J. Vacek          former District Court Judge
400th Judicial District Court          (retired September 30, 2014)
Fort Bend County, Texas


For Appellant, Aaron Moore

Kirby J. Taylor          Attorneys in the Juvenile Court
4810 Caroline Street
Houston, Texas 77004-5608

Tommy James Stickler, Jr.          Attorney in the District Court
235 Sealy Street
Alvin, TX  77511

Carmen Roe          Attorney on Appeal
440 Louisiana, Suite 900
Houston, Texas 77002

For the State

John F. Healey, Jr.                                    District Attorney, 268th Judicial District
301 Jackson Street                                     Fort Bend County
Richmond, TX  77469


Alexandra Foley                                        Assistant District Attorney in the
301 Jackson Street                                     Juvenile and District Courts
Richmond, TX  77469


Gail Kikawa McConnell                                  Assistant District Attorney on Appeal
301 Jackson Street
Richmond, TX  77469

# TABLE OF CONTENTS

IDENTITY OF JUDGE, PARTIES, AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . viii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . ix

STATE'S QUESTIONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

    1.      Did the court of appeals err in lumping law enforcement with the prosecution and analogizing "the state" in Section 54.02(j)(4)(A) to the *Brady* line of cases, rather than recognizing investigative delay and the independent roles of law enforcement and the prosecution?

    2.      Does the court of appeals's construction of "the state" in Section 54.02(j)(4)(A), Family Code require dismissal of a case with prejudice without consideration of the factors for oppressive delay in violation of the separation of powers doctrine?

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.     An investigative delay occurring before the case is referred to the District Attorney's Office, is beyond the control of the prosecution. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          1.    "The state" may refer just to the prosecution. . . . . . . . . . . . . . 3

          2.    Investigative delay occurring before a case is referred to the prosecution, is beyond the control of "the state". . . . . . . . . 6

B.     The court of appeals erred in lumping law enforcement with the prosecution, as a case is then dismissed with prejudice without consideration of the factors for oppressive delay in violation of the separation of powers doctrine.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       1.     Investigative delay includes handling a case in the standard practice, periods of inaction, and hopeful waiting for evidence to develop. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       2.     The due process test for oppressive delay applies to juveniles. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

       3.     The district attorney's exclusive prosecutorial discretion, is abridged by the court of appeals's construction of "the state" in Section 54.02(j)(4)(A) without consideration of the factors for oppressive delay. . . . . . . . . . . . . . . . . . . . . . . 13

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

APPENDIX A:     Opinion of the First Court of Appeals

APPENDIX B:     Section 54.02, Family Code

# INDEX OF AUTHORITIES

**CASES**                                                                                     **PAGE**

Boykin v. State,
 818 S.W.2d 782 (Tex. Crim. App. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Buckley v. Fizsimmons,
 509 U.S. 259 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Charleston v. Pate,
 194 S.W.3d 89 (Tex. App.--Texarkana 2006, no pet.). . . . . . . . . . . . . . . . . . 5

Ex parte Young,
 213 S.W.3d 327 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Grayless v. State,
 567 S.W.2d 216 (Tex. Crim. App. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Ibarra v. State,
 11 S.W.3d 189 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . 11, 16

Imbler v. Pachtman,
 424 U.S. 409 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In re N.J.A.,
 997 S.W.2d 554 (Tex. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

In re N.M.P.,
 969 S.W.2d 95 (Tex. App.--Amarillo 1998, no pet.). . . . . . . . . . . . . . . . 6, 12

Jones v. State,
 803 S.W.2d 712 (Tex. Crim. App. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Meshell v. State,
 739 S.W.2d 246 (Tex. Crim. App. 1987). . . . . . . . . . . . . . . . . 13-14, 15, 16

People v. Abel,
 271 P.3d 1040, 1059 (Ca. 2012), *cert. denied* 133 S.Ct. 311 (2012). . . . . . . 10

State v. Calderon,
    684 P.2d 1293 (Wash. 1984)........................... 9-10

State v. Condran,
    977 S.W.2d 144 (Tex. Crim. App. 1998)............ 14-15, 16

State ex rel. Eidson v. Edwards,
    793 S.W.2d 1 (Tex. Crim. App. 1990)................... 13

State v. Krizan-Wilson,
    321 S.W.3d 619 (Tex. App.--Houston [14th Dist.] 2010),
    *aff'd* 354 S.W.3d 808 (Tex. Crim. App. 2011)........... 6

State v. Krizan-Wilson,
    354 S.W.3d 808 (Tex. Crim. App. 2011)................. 11

State v. Salavea,
    86 P.3d 125 (Wash. 2004)........................... 9, 12

State v. Walls,
    775 N.E.2d 829 (Ohio 2002).......................... 12

State v. White,
    306 S.W.3d 753 (Tex. Crim. App. 2010)................. 6

State v. White,
    No. 03-07-00041-CR, 2010 WL 3271195
    (Tex. App--Austin Aug. 19, 2010, no pet.)
    (not designated for publication)..................... 6

State v. Williams,
    938 S.W.2d 456 (Tex. Crim. App. 1997)................ 15

United States v. Crouch,
    84 F.3d 1497(5th Cir. 1996)......................... 11

United States v. Lovasco,
    431 U.S. 783 (1977)................................ 6, 8

United States v. Marion,
        404 U.S. 307 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Webb v. State,
        No. 08-00-00161-CR, 2001 WL 1326894
        (Tex. App.--El Paso Oct. 25, 2001, pet. ref'd)
        (not designated for publication). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix


**CONSTITUTIONS**

Texas Constitution
        Article II, § 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
        Article V, § 21. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12
        Article V, § 23. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**STATUTES**

Code of Criminal Procedure
        Article 2.27. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        Article 12.01. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Family Code
        Section 51.01. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
        Section 51.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        Section 51.04. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
        Section 53.04. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12
        Section 54.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Penal Code
        Section 1.07. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**OTHER AUTHORITY**

Robert Dawson, Texas Juvenile Justice Department,
        *Texas Juvenile Law* 34 (8th ed. 2012). . . . . . . . . . . . . . . . . . . . . . . . . 4

Black's Law Dictionary Free Online Legal Dictionary (2nd ed.),
        http://thelawdictionary.org/state/. . . . . . . . . . . . . . . . . . . . . . . . . 4-5

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

**<u>STATEMENT REGARDING ORAL ARGUMENT</u>**

The State believes oral argument would be helpful to the Court. Other than an unpublished El Paso Court of Appeals opinion that did not involve investigative delay,[1] the State, Appellant, and the court of appeals have found no court opinion addressing the authority of the juvenile court under Family Code Section 54.02(j)(4)(A) to waive jurisdiction and transfer a case when "for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person." The statutory construction by the court of appeals removes or abridges the District Attorney's exclusive prosecutorial function without consideration for the factors for oppressive delay, and thus violates the separation of powers doctrine, making Section 54.02(j)(4)(A) unconstitutional.

**<u>STATEMENT OF THE CASE</u>**

After a juvenile court transferred Appellant's case to the district court, Appellant pleaded guilty pursuant to a plea agreement to aggravated sexual assault of a child under the age of fourteen. The district court permitted an appeal of the juvenile court's transfer order.

The court of appeals vacated the trial court's judgment and dismissed the case

---

[1]  *Webb v. State*, No. 08-00-00161-CR, 2001 WL 1326894, at *7 (Tex. App.--El Paso Oct. 25, 2001, pet. ref'd) (not designated for publication).

for lack of jurisdiction after finding that the State failed to prove by a preponderance of the evidence a reason beyond the State's control in filing Appellant's case after Appellant's eighteenth birthday. Op. at 9-10.

## STATEMENT OF PROCEDURAL HISTORY

A panel of the court of appeals handed down its published opinion on July 24, 2014. On an extended deadline, the State filed a motion for rehearing en banc on August 22, 2014. The court of appeals requested a response on October 3, 2014, which was filed by Appellant on October 17, 2014. The court of appeals denied the State's motion on November 13, 2014. On December 17, 2014, this Court granted the State's motion for extension of time and this petition is due on or before January 12, 2015.

## STATE'S QUESTIONS FOR REVIEW

1.  Did the court of appeals err in lumping law enforcement with the prosecution and analogizing "the state" in Section 54.02(j)(4)(A) to the *Brady* line of cases, rather than recognizing investigative delay and the independent roles of law enforcement and the prosecution?

2.  Does the court of appeals's construction of "the state" in Section 54.02(j)(4)(A), Family Code require dismissal of a case with prejudice without consideration of the factors for oppressive delay in violation of the separation of powers doctrine?

## ARGUMENT

Appellant was sixteen years old when he last penetrated the anus of his twelve-year-old female cousin, E.W. [1 RR 72; 2 RR 24, 25, 34] E.W. outcried to her mother about three weeks later, on September 19, 2008. [2 RR 26, 63] E.W.'s mother immediately contacted E.W.'s pediatrician's office, took her to Texas Children's emergency room for a SANE exam, and to a forensic interview at the Children's Advocacy Center. [2 RR 63-64]

This case was assigned to Det. Cox at the Sheriff's Office, who at the time had a caseload of 468 CPS cases, including those that were of the highest priority by statute and required a response within twenty-four hours. [1 RR 73, 92; 2 RR 63-64, *see* Tex. Code Crim. Proc. art. 2.27(a) (West 2008)] Relative to other cases on Det. Cox's caseload, Appellant's case was not of highest priority as Appellant was E.W.'s cousin; was not a person responsible for her care, custody, or welfare, and did not live with her. [1 RR 92; 2 RR 61, 69, 80] Further, Det. Cox was not aware of Appellant's correct age, because the initial intake sheet reflected his age as one year younger. [1 RR 69, 72]

Appellant turned eighteen on July 11, 2010. [1 RR 72] Appellant's case was filed with the district attorney's office on July 22, 2010. [1 RR 71] Appellant was arrested on September 9, 2010. [CR at 13] On February 10, 2012, pursuant to Section 54.02(j)(4)(A), Family Code, the juvenile court found "from a preponderance

1

of the evidence that for a reason beyond the control of the state it was not practicable to proceed in juvenile court before his 18th birthday," waived its original jurisdiction, and transferred Appellant's case to the district court. [2 RR 1, 120-21, 124]

Applicant pleaded guilty pursuant to a plea agreement to aggravated sexual assault of a child younger than fourteen. [CR at 36, 106] On June 11, 2013, in accordance with the plea agreement, the trial court deferred the adjudication of Appellant's guilt and placed Appellant on community supervision for five years. [CR at 94, 105-06] The trial court gave Appellant permission to appeal "the certification/transfer proceeding only." [CR at 98]

The court of appeals held that the State failed to prove a reason beyond its control, and thus, the juvenile court "never acquired jurisdiction" to transfer Appellant's case. Op. at 9-10. In so holding, the court of appeals defined "the state" to include law enforcement as in the *Brady* line of cases and failed to address "investigative delay" as recognized by the United States Supreme Court and this Court, and as carefully considered by the trial court. Op. at 8. The court of appeals failed to appreciate that delay can readily be identified as occurring at a law enforcement agency or at the prosecutor's office, that neither office controls the acts of the other, and that investigative delay at the law enforcement agency may occur while the evidence is still being developed. Because under the court of appeals's construction, a case is dismissed with prejudice without consideration for whether

2

oppressive delay occurred, the court of appeals's construction violates the separation of powers doctrine under the Texas Constitution.

A.     *An investigative delay occurring before the case is referred to the District Attorney's Office, is beyond the control of the prosecution.*

This case was referred for prosecution after Appellant turned eighteen years old; therefore, the juvenile court only had jurisdiction to transfer or dismiss the case. *In re N.J.A.*, 997 S.W.2d 554, 556 (Tex. 1999). The State proceeded under Section 54.02(j)(4)(A), which provides that the juvenile court may transfer a person if it "finds from a preponderance of the evidence that for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person." Tex. Fam. Code, § 54.02(j)(4)(A) (West 2008). A copy of the 2008 version of Section 54.02 is attached hereto as Appendix B.

In considering whether the juvenile court had jurisdiction to transfer this case, the court of appeals analogized "the state" to the *Brady* line of cases and summarily held, "Because 'the State' includes law enforcement, we hold that Detective Cox's heavy caseload and mistake as to Moore's age are not reasons beyond the State's control." Op. at 8.

1.     *"The state" may refer just to the prosecution.*

At issue is the construction of "the state," which is not specifically defined in

3

the Family Code, Code of Criminal Procedure, or Penal Code.[2] In interpreting a

statute, the courts ordinarily give effect to the plan meaning of the statutory text

unless such would lead to absurd results. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.

Crim. App. 1991).

The court of appeals analogized "the state" to the *Brady* line of cases without

considering the plain text and the statute's purpose to address pre-petition[3] delay in

a case. *See* Robert Dawson, Texas Juvenile Justice Department, *Texas Juvenile Law*

140 (6th ed. 2004[4]).

The legal dictionary definition of "state" does not reference a criminal

investigation:

> A body politic, or society of men united together for the purpose of
> promoting their mutual safety and advantage, by the joint efforts of their
> combined strength. Cooley, Const. Lim. 1. One of the component
> commonwealths or states of the United States of America. The people
> of a state, in their collective capacity, considered as the party wronged
> by a criminal deed; the public; as in the title of a cause. "The State vs.
> A. B." The section of territory occupied by one of the United States.

Law Dictionary: What is STATE, n? definition of STATE, n (Black's Law
Dictionary). http://thelawdictionary.org/state-n/

---

[2] The Penal Code defines "government" as "the state." Tex. Pen. Code, § 1.07(a)(24)(A) (West 2008). But does not define "the state."

[3] A juvenile is "charged" with delinquent conduct by a petition filed in the juvenile court for an adjudication or transfer hearing. Tex. Fam. Code § 53.04 (West 2008).

[4] Dr. Dawson passed away in 2005. The 2004 edition was written by him.

4

The Texas Constitution, however, provides for independent elective offices for the District Attorney and the Sheriff, the law enforcement agency in this case. Tex. Const. V, §§ 21, 23. In other words, neither elected official controls the other or the functions of their respective offices.

The separation of duties is further reflected in the protection afforded prosecutors from liability. "Prosecutorial functions are those acts representing the government in filing and presenting criminal cases, as well as other acts that are intimately associated with the judicial process." *Charleston v. Pate*, 194 S.W.3d 89, 90 (Tex. App.--Texarkana 2006, no pet.) (internal quotation marks omitted). "District attorneys and other prosecutors are absolutely immune from liability when performing their prosecutorial functions." *Id.* (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)). But, a prosecutor is not entitled to absolute immunity when he or she "performs the investigative functions normally performed by a detective or police officer." *Buckley v. Fizsimmons*, 509 U.S. 259, 273-74 (1983)).

The two entities lumped together by the court of appeals as "the state" are likewise separately defined in the Family Code: (1) "'Law-enforcement officer' means a peace officer as defined by Article 2.12, Code of Criminal Procedure," and (2) "'Prosecuting attorney' means the county attorney, district attorney, or other attorney who regularly serves in a prosecutory capacity in a juvenile court." Tex. Fam. Code, § 51.02(7) & (11) (West 2008).

The juvenile court may transfer a person if it "finds from a preponderance of the evidence that for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person." Tex. Fam. Code, § 54.02(j)(4)(A). In context, and together with the term "not practicable to proceed in juvenile court," the plain meaning of the "the state" is the prosecuting attorney.

> 2. *Investigative delay occurring before a case is referred to the prosecution, is beyond the control of "the state."*

The record shows that the juvenile court carefully considered the cases tendered by the State, showing investigative and pre-indictment delay. [2 RR 105, tendering *United States v. Lovasco*, 431 U.S. 783 (1977) (law enforcement did little to investigate case in seventeen-month delay); *State v. White*, 306 S.W.3d 753 (Tex. Crim. App. 2010) (seventeen-year delay in murder case by law enforcement[5]); *State v. Krizan-Wilson*, 321 S.W.3d 619 (Tex. App.--Houston [14th Dist.] 2010), *aff'd* 354 S.W.3d 808 (Tex. Crim. App. 2011) (twenty-three delay by the prosecution); and *In re N.M.P.*, 969 S.W.2d 95 (Tex. App.--Amarillo 1998, no pet.) (nine-year delay by law enforcement, who had no probable cause until DNA testing identified N.M.P.)] In each of those cases, the description of which entity caused the delay is easily

---

[5] On remand, the court of appeals recounted the testimony of the lead detective on cross-examination that the six investigators at his agency were working "fresh homicides" and agreed with counsel when he asked, "Bottom line is they were just too busy?" *State v. White*, No. 03-07-00041-CR, 2010 WL 3271195, at *5 (Tex. App--Austin Aug. 19, 2010, no pet.) (not designated for publication).

discerned. In Appellant's case, law enforcement had probable cause, but did not refer the case to the District Attorney's Office until after Appellant turned eighteen years old. [1 RR 71, 72] The delay by law enforcement was beyond the control of the prosecution, "the state" under Section 54.02(j)(4)(A).

The court of appeals erred in failing to likewise carefully consider investigative delay and whether "the state" could reference just the prosecution.[6] In contrast to a *Brady* situation where an investigation has been completed, the case has been referred to the prosecution, and the prosecutor can be held responsible for suppressed material evidence collected in the case; investigative delay by a law enforcement agency before referral of a case to the prosecution occurs while evidence is still being collected and likely, as here, before a prosecutor has actual knowledge of the case.

Question One for Review should be granted.

B. *The court of appeals erred in lumping law enforcement with the prosecution, as a case is then dismissed with prejudice without consideration of the factors for oppressive delay in violation of the separation of powers doctrine.*

Appellant's case was referred to the State shortly after his eighteenth birthday. After a person turns eighteen, the juvenile court only has jurisdiction to transfer or dismiss the case. *In re N.J.A.*, 997 S.W.2d at 556. If the opinion of the court of appeals stands, when investigative delay occurs and a case is referred to the State

---

[6]  Argued in pages 17-28 of the State's brief.

after a person has turned eighteen, the case must be dismissed even when the statute of limitations for the offense has not run. "[S]tatutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, 'provide the primary guarantee, against bringing overly stale criminal charges.'" *Lovasco*, 431 U.S. at 788 (quoting *United States v. Marion*, 404 U.S. 307, 322 (1971)).

1. *Investigative delay includes handling a case in the standard practice, periods of inaction, and hopeful waiting for evidence to develop.*

Appellant's case is a "he-said, she-said" case. [1 RR 100] Investigative delay to develop more evidence to exonerate or prove Appellant's guilt beyond a reasonable doubt would be justified. In *Lovasco*, the United States Supreme Court squarely addressed and approved a seventeen-month investigative delay that included periods of inaction or hopeful waiting for additional evidence to develop. *Lovasco,* 431 U.S. at 785, 796. The Supreme Court spoke at length about the disadvantages to prosecutors, defendants, law enforcement officials, and the courts if prosecutors were required to file charges as soon as probable cause exists. *Lovasco*, 431 U.S. at 791-92. The Court concluded that "no one's interest would be well served." *Id.* at 792.

"Rather than deviating from elementary standards of 'fair play and decency,' a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt." *Lovasco*, 431 U.S. at 795.

8

Washington State has a statute automatically placing sixteen and seventeen year olds in adult court when charged with certain crimes. *State v. Salavea,* 86 P.3d 126, 128 (Wash. 2004). On appeal, Salavea claimed that if the statute applied at the time of prosecution, rather than at the time of the crime, the prosecution could unjustly circumvent the juvenile justice system. *Id.* at 130. The Washington Supreme Court reaffirmed its reading of the statute to apply when a juvenile is prosecuted, "Because defendants have the option of avoiding the unjust result by proving prosecutorial delay." *Id.* at 131.

The Washington Supreme Court placed the burden to prove prejudice squarely on the defendant and noted valid reasons for delay:

> Absent extraordinary circumstances, a juvenile's case is managed in the same manner as all other cases and does not receive special treatment even if the juvenile is about to turn 18. The State has broad discretion to decide when to prosecute and may delay prosecution until it feels it can establish guilt beyond a reasonable doubt. Broad discretion is allowed because the court does not want the State to mistakenly charge an innocent person or bring cases that are insubstantial and result in a waste of judicial resources.
>
> . . . [I]f an investigation follows standard practices, the delay caused is considered a justified investigatory delay and rebuts accusations of deliberate or negligent inaction.

*Salavea*, 86 P.3d at 131 (citations omitted).

In *State v. Calderon*, 684 P.2d 1293 (Wash. 1984), the Washington Supreme Court approved "justifiable delay" due to a backlog of cases in the state's laboratory:

9

The lab supervisor testified that the backlog resulted from several factors. A number of serious homicide cases were then being investigated. The lab had also been assigned all robbery cases previously handled by the Federal Bureau of Investigation's lab. In addition, one employee was on sick leave during the backlog period. The supervisor explained that a priority system had been adopted to reduce the backlog. First priority was given to homicide cases and other serious crimes against the person, with fairly low priority to property crimes such as burglaries. She testified that she had not been aware of appellant's age when his prints were analyzed. . . .

With a mounting backlog of cases, the identification lab reasonably implemented a priority system to process fingerprint verifications. Absent extraordinary circumstances, it is appropriate that juvenile offenses be managed in the same manner as are adult crimes. We are reluctant to interfere with standard investigatory procedures by requiring special treatment for juvenile suspects.

*Calderon*, 684 P.2d at 1297.

The California Supreme Court has likewise held, "A court may not find negligence by second-guessing how the state allocates its resources or how law enforcement agencies could have investigated a given case. . . . Thus, the difficulty in allocating scarce prosecutorial resources (as opposed to clearly intentional or negligent conduct) [is] a valid justification for delay. . . ." *People v. Abel*, 271 P.3d 1040, 1059 (Ca. 2012), *cert. denied* 133 S.Ct. 311 (2012) (internal quotation marks omitted).

Similarly, Det. Cox testified that when she was assigned E.W.'s sexual assault case on September 19, 2008, she had 468 cases that were "child abuse, C.P.S.,"

including those that were of the highest priority by statute and required a response within twenty-four hours. [1 RR 62, 73, 92, *see* Tex. Code Crim. Proc. art. 2.27] Appellant's case was not of highest priority as Appellant was E.W.'s cousin; was not a person responsible for her care, custody, or welfare; and did not live with her. [1 RR 92; 2 RR 61, 69, 80] When Det. Cox's caseload became manageable at 195 cases, she completed the investigation and referred Appellant's case to the District Attorney. [1 RR 71, 73] The record reflects the allocation of scarce resources and investigative delay.

  2.  *The due process test for oppressive delay applies to juveniles.*

With regard to the due process test for pre-indictment delay, "This Court has followed the Fifth Circuit's bright-line methodology[7] in holding that, in order to be entitled to relief, a defendant must demonstrate that the delay: (1) caused substantial prejudice to his right to a fair trial, and (2) was an intentional device used to gain a tactical advantage over the accused." *State v. Krizan-Wilson*, 354 S.W.3d 808, 814-15 (Tex. Crim. App. 2011) (no violation in pre-indictment delay); *Ibarra v. State*, 11 S.W.3d 189, 193 (Tex. Crim. App. 1999) (no violation in investigative delay; "We are unaware of any requirement that the police conduct continuous investigation.").

---

  [7]  Referring to *United States v. Crouch*, 84 F.3d 1497, 1514 (5th Cir. 1996).

In *In re N.M.P.*, the El Paso Court of Appeals applied this due process test in a juvenile case, albeit under a different section of the Family Code. *In re N.M.P.*, 969 S.W.2d 95, 101-02 (Tex. App.--Amarillo 1998) (decided under Section 53.04, requiring a petition or hearing "as promptly as practicable").

The Washington Supreme Court applies the test set forth in *Lovasco* to cases involving crimes committed by juveniles and requires the defendant to first produce evidence demonstrating that the delay has caused actual prejudice to his defense. *See, e.g., Salavea*, 86 P.3d at 131.

The Ohio Supreme Court also applies the *Lovasco* due process test in cases where the offense was committed by a juvenile and requires the defendant to first present "evidence establishing substantial prejudice." *See, e.g., State v. Walls*, 775 N.E.2d 829, 845 (Ohio 2002).

This Court applied the adult due process test for a speedy trial violation in a case involving an offense committed by a juvenile in *Grayless v. State*, 567 S.W.2d 216, 220-22 (Tex. Crim. App. 1978).

To date, the State has found no case holding that the adult due process tests cannot or should not be used in cases involving offenses committed by a juvenile.

3. *The district attorney's exclusive prosecutorial discretion is abridged by the court of appeals's construction of "the state" in Section 54.02(j)(4)(A) without consideration of the factors for oppressive delay.*

In lumping law enforcement agencies in with the prosecution and dismissing the prosecution of Appellant's case, the court of appeals caused Section 54.04(j)(4)(A) to abridge the district attorney's exclusive prosecutorial discretion.

The Texas Constitution explicitly provides for the separation of powers of government into three distinct departments. Tex. Const. art. II, § 1. Article 5, Section 21, of the Constitution establishes "[t]he office of county attorney, as well as district and criminal district attorney." *Meshell v. State*, 739 S.W.2d 246, 253 (Tex. Crim. App. 1987); Tex. Const. art. V, § 21.

"Texas courts have uniformly declared that the offices of county and district attorneys are constitutionally created and therefore constitutionally protected." *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 4 (Tex. Crim. App. 1990) (plurality op.). "The authority of county and district attorneys cannot be abridged or taken away." *Id.* (internal quotation marks omitted).

In *Meshell*, this Court held that the Speedy Trial Act violated the separation of powers doctrine by setting a deadline after which a case would be dismissed with prejudice. *Meshell*, 739 S.W.2d at 257. Like "for a reason beyond the control of the state" in Section 54.02(j)(4)(A), Article 32A.02 provided an exception for delay.

13

*Meshell*, 739 S.W.2d at 251.

This Court noted that "our courts have long recognized" that the primary function of district and county attorneys is "to prosecute the pleas of the state in criminal cases"and held:

> An obvious corollary to a district or county attorney's duty to prosecute criminal cases is the utilization of his own discretion in the preparation of those cases for trial. Therefore, under the separation of powers doctrine, the Legislature may not remove or abridge a district or county attorney's exclusive prosecutorial function, unless authorized by an express constitutional provision.

*Meshell*, 739 S.W.2d at 254-55.

This Court further found that in failing to incorporate the factors for a speedy "commencement of trial" in the statute, the Legislature deprived the prosecutor "of his exclusive prosecutorial discretion in preparing for trial without any consideration for the factors used to determine whether appellant has been deprived of his constitutional right to a speedy trial." *Meshell*, 739 S.W.2d at 256.

In *Ex parte Young*, 213 S.W.3d 327 (Tex. Crim. App. 2006), this Court adopted the dissenting opinion of Presiding Judge Keller in *State v. Condran*, 977 S.W.2d 144 (Tex. Crim. App. 1998). *Ex parte Young*, 213 S.W.3d at 331. In *Condran*, Presiding Judge Keller observed:

14

The lesson drawn from *Meshell*, *Jones*,[8] and *Williams*[9] is that a legislatively imposed deadline for prosecutorial action violates the Separation of Powers Clause if

(1) the remedy for failing to meet the deadline seriously disrupts the prosecutor's ability to perform his duties,

(2) the deadline cannot be justified as necessary to effectuate a superior constitutional interest, and

(3) the prosecutor did not contractually submit to the deadline.

In *Jones*, condition (1) was not true because the remedy of releasing the prisoner on bail did not seriously disrupt the prosecutor's ability to perform his duties. In *Williams*, condition (3) was not true because the prosecuting authorities had submitted to the deadline by requesting a prisoner under the IADA. But in *Meshell*, all three of these conditions were true. The remedy for a violation of the Speedy Trial Act was dismissal with prejudice—a remedy which necessarily causes a serious disruption in a prosecutor's ability to perform his duties by conclusively terminating the prosecution. The only constitutional interest arguably involved, the right to a speedy trial, was not effectuated by the Speedy Trial Act because the *Barker* factors were not included. And, the prosecuting authorities did not contractually submit to the deadlines established.

*Condran*, 977 S.W.2d at 146 (Keller, P.J., dissenting).

---

[8]   *Jones v. State*, 803 S.W.2d 712 (Tex. Crim. App. 1991) (upholding Article 17.151, distinguishing release on bond from setting aside a prosecution as in *Meshell).*

[9]   *State v. Williams*, 938 S.W.2d 456, 458 (Tex. Crim. App. 1997) (upholding the Interstate Agreement on Detainers Act as a contractual arrangement by which the prosecutor "relinquished some of his power in exchange for the benefit of obtaining custody of the out-of-state prisoner.").

Here, like *Meshell*, all three of the conditions of a separation of powers violation are true. The remedy for failure to proceed in juvenile court before a person's eighteenth birthday is dismissal with prejudice as, without the waiver and transfer of the juvenile court, the district court has no jurisdiction over the case. Tex. Fam. Code § 51.04(a) (West 2008). Dismissal of a case with prejudice "necessarily causes a serious disruption in a prosecutor's ability to perform his duties by conclusively terminating the prosecution." *Condran*, 977 S.W.2d at 146 (Keller, P.J., dissenting). The only constitutional interest arguably involved, oppressive delay, is not effectuated by Section 54.02(j)(4)(A), because the factors for determining oppressive delay are not included. *Compare* Tex. Fam. Code § 54.02(j)(4)(A) *with Ibarra*, 11 S.W.3d at 193. "And, the prosecuting authorities did not contractually submit to the deadlines established." *Condran*, 977 S.W.2d at 146 (Keller, P.J., dissenting).

Under the court of appeals construction, when there is justifiable investigative delay, the State must automatically dismiss its case despite there being no statute of limitations for aggravated sexual assault. Tex. Fam. Code § 54.02(j)(4)(A); Tex. Code Crim. Proc. art. 12.01(1)(B) (West 2008).

"[T]o provide for the protection of the public and public safety" is the first purpose of the Juvenile Justice Code. Tex. Fam. Code § 51.01(1) (West 2008). The

16

District Attorney's exclusive prosecutorial discretion in preparing for a case should not be usurped without consideration of the established factors for determining unconstitutional oppressive delay. Question for Review Two should be granted.

**PRAYER FOR RELIEF**

The State prays that the Court will grant the State's questions for review, find that the State does not control investigatory delay, and affirm the transfer order of the juvenile court; in the alternative, if the Court also finds that "the state" refers to both the prosecution and law enforcement entities, to find that Section 54.02(j)(4)(A), Family Code, is unconstitutional.

Respectfully submitted,

John F. Healey
District Attorney, 268th Judicial District
Fort Bend County, Texas

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell
SBOT #11395400
Assistant District Attorney
301 Jackson Street
Richmond, Texas 77469
(281) 341-4460 (281) 238-3340 (fax)
Gail.McConnell@fortbendcountytx.gov

Counsel for the State

## CERTIFICATE OF COMPLIANCE

I hereby certify that the State's petition for discretionary review is 4,039 words, which is less than the 4,500 word limit for a petition for discretionary review in the Court of Criminal Appeals.

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the State's petition for discretionary review was served by certified mail, return receipt requested #70130600000221116044 requested on December 23, 2014, on Ms. Carmen Roe, Attorney for Appellant, 440 Louisiana, Suite 900, Houston, TX 77002; and return receipt requested # #70130600000221116051 on the Office of the State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711-3046.

/s/ Mattie Sanford
Mattie Sanford

18

# APPENDIX A

**Opinion issued July 24, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00663-CR

_____

**AARRON JACOB MOORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Case No. 12-DCR-059791

## O P I N I O N

The State charged Aarron Moore with the aggravated sexual assault of a child, an offense he was alleged to have committed at age 16. Because he was over 18 at the time charges were filed, the juvenile court transferred the case to a criminal district court. The criminal district court deferred adjudication and placed

Moore on five years' community supervision. On appeal, Moore contends that the juvenile court improperly transferred the case to a criminal district court, because the State failed to show that it was not practicable to proceed in juvenile court before Moore's eighteenth birthday for a reason beyond the State's control. *See* TEX. FAM. CODE ANN. § 54.02(j)(4)(A) (West 2014). Because the State did not adduce a reason beyond its control for failing to proceed in juvenile court, we hold that the juvenile court erred in transferring the case. The criminal district court therefore lacked jurisdiction to hear the case; we vacate its judgment and dismiss.

### Background

Aarron Moore was born on July 11, 1992. On or about August 29, 2008, sixteen–year–old Moore sexually assaulted a twelve–year–old, E.W. On September 19, 2008, E.W. identified Moore as her assailant and reported the incident to her mother, who in turn reported this information to the police. Three days later, while Moore was still sixteen, Detective M. Cox began to investigate E.W.'s complaint.

Almost two years' later, on July 22, 2010, Detective Cox forwarded Moore's case to the district attorney's office, believing Moore to be seventeen years old. Moore, however, had turned eighteen eleven days earlier. In delaying forwarding the charges, Detective Cox testified that she relied on an internal police report that mistakenly listed Moore's birthday as July 11, 1993, making him appear

2

one year younger than his actual age. CPS records in the police file contained Moore's correct date of birth. Detective Cox also testified that she had a heavy caseload of 468 cases at the time.

*Course of Proceedings*

On September 8, 2010, the juvenile court ordered that Moore be taken into custody, and then ordered his conditional release a few days later. More than a year later, on August 17, 2011, the State filed a petition for a discretionary transfer of the case from the juvenile court to a criminal district court. On February 10, 2012, the juvenile court transferred the case, concluding that, for a reason beyond the control of the State, it was not practicable to proceed in juvenile court before Moore's eighteenth birthday. *See id.* Moore pleaded guilty to aggravated sexual assault of a child pursuant to a plea bargain; the criminal district court deferred adjudication and placed Moore on five years' community supervision.

**Discussion**

Moore contends that the juvenile court improperly transferred the case to the criminal district court because the State failed to show that, for a reason beyond the control of the State, it was not practicable to proceed in juvenile court before Moore's eighteenth birthday.

*Standard of Review*

We review a juvenile court's decision to transfer a case to an appropriate court for an abuse of discretion. *State v. Lopez*, 196 S.W.3d 872, 874 (Tex. App.—Dallas 2006, pet. ref'd); *see also In re M.A.*, 935 S.W.2d 891, 896 (Tex. App.—San Antonio 1996, no writ). In applying this standard, we defer to the trial court's factual determinations while reviewing its legal determinations de novo. *In re J.C.C.*, 952 S.W.2d 47, 49 (Tex. App.—San Antonio 1997, no writ).

*Analysis*

A juvenile court has exclusive, original jurisdiction over all proceedings involving a person who has engaged in delinquent conduct as a result of acts committed before age seventeen. *See* TEX. FAM. CODE ANN. §§ 51.02(2), 51.04 (West 2014). A juvenile court does not lose jurisdiction when a juvenile turns eighteen, but its jurisdiction becomes limited. The juvenile court retains jurisdiction to either transfer the case to an appropriate court or to dismiss the case. *In re B.R.H.*, 426 S.W.3d 163, 166 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (citing *In re N.J.A.*, 997 S.W.2d 554, 556 (Tex. 1999)). To transfer the case to an appropriate court, the State must satisfy the requirements listed in section 54.02(j). TEX. FAM. CODE ANN. § 54.02(j), which reads:

> The juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:

4

(1)     the person is 18 years of age or older;

(2)     the person was:

    (A)     10 years of age or older and under 17 years of age at the time the person is alleged to have committed a capital felony or an offense under Section 19.02, Penal Code;

    (B)     14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the first degree other than an offense under Section 19.02, Penal Code; or

    (C)     15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;

(3)     no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4)     the juvenile court finds from a preponderance of the evidence that:

    (A)     for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

    (B)     after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

        (i)     the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

        (ii)     the person could not be found; or

5

(iii)   a previous transfer order was reversed by an appellate court or set aside by a district court; and

(5)   the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

Pursuant to section 54.02(j), the juvenile court may transfer the case to a criminal district court only if, among other findings, it determines by a preponderance of the evidence that "for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person." *Id.* § 54.02(j)(4)(A). The State has the burden of showing that proceeding in juvenile court was not practicable because of circumstances outside the control of the State. *See Webb v. State*, 08-00-00161-CR, 2001 WL 1326894, at *7 (Tex. App.—El Paso, Oct. 25, 2001, pet. ref'd) (mem. op., not designated or publication).

In *Webb*, the El Paso Court of Appeals considered the State's burden under section 54.02(j) and held that the State failed to satisfy it. *Id.* There, the State claimed that the delay resulted from the trial court staff's failure to set a prompt hearing. *Id.* at *5. Law enforcement filed the defendant's case with the district attorney's office. *Id.* at *2. A few days later, the State filed in juvenile court a petition for a discretionary transfer of the case to criminal district court, but failed to notify the juvenile court of the defendant's upcoming eighteenth birthday. *Id.* at *2, *6. At a hearing after the defendant's eighteenth birthday, the juvenile court

6

transferred the case to a criminal district court. *Id.* at *2. The court of appeals reversed, holding that the State's failure to notify the juvenile court of the defendant's upcoming birthday was not a reason for delay beyond the State's control. *Id.* at *7.

Here, the State contends that an investigative delay, stemming from Detective Cox's large caseload and mistake as to Moore's age, are reasons beyond the control of the State. The State concedes, however, that the offense was promptly reported and that Moore had been identified as the perpetrator within days after the offense was committed while he was still a juvenile and well short of his seventeenth birthday. The correct birthdate was evident in other police records. The State did not trace its error in the internal offense report to any outside source—Detective Cox testified that the report would have been created internally by an administrative assistant. The record demonstrates that it was the State's clerical error, coupled with its lengthy delay—unaided by any outside event—which caused the case to fall outside the juvenile court's jurisdiction. The State did not adduce proof that it could not have proceeded in juvenile court for reasons beyond its control.

The State attempts to distinguish *Webb* by emphasizing that Detective Cox forwarded Moore's case to the district attorney's office after Moore's eighteenth birthday—and that it was an investigative delay, not a prosecutorial delay, that

caused the State to file charges after the time for filing them had expired. But for purposes of section 54.02(j)(4)(A), we include law enforcement as part of "the State." *Cf. In re N.M.P.*, 969 S.W.2d 95, 101–02 (Tex. App.—Amarillo 1998, no pet.) (including law enforcement as part of "the State" for purposes of section 54.02(j)(4) due diligence exception). We analogize this case to the *Brady v. Maryland* line of authority, in which courts include law enforcement's conduct and knowledge of exculpatory evidence in determining a *Brady* violation. *See Kyles v. Whitley*, 514 U.S. 419, 437, 115 S. Ct. 1555, 1567 (1995) (discussing rule announced in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963)). For purposes of the *Brady* rule, "'the State' includes, in addition to the prosecutor . . . members of law enforcement connected to the investigation and prosecution of the case." *Pena v. State*, 353 S.W.3d 797, 810 (Tex. Crim. App. 2011) (citing *Ex parte Reed*, 271 S.W.3d 698, 726 (Tex. Crim. App. 2008)).

Because "the State" includes law enforcement, we hold that Detective Cox's heavy caseload and mistake as to Moore's age are not reasons beyond the State's control. Accordingly, we hold that the juvenile court erred in finding that the State had satisfied its burden under section 54.02(j)(4)(A).

*Harm*

The State contends that any error in transferring the case to a criminal district court was harmless, because the juvenile court could have transferred the

case under section 54.02(a). TEX. FAM. CODE ANN. § 54.02(a). But

section 54.02(a) applies only to a "child" at the time of the transfer. *Id.* The

Family Code defines "child" as a person who is:

(A) ten years of age or older and under 17 years of age; or

(B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.

*Id.* § 51.02(2). Here, the State moved to transfer the case to a criminal district

court on August 17, 2011. At the time, Moore was nineteen years old and thus not

a "child." *See id.* To transfer the case to a criminal district court after a person's

eighteenth birthday, the juvenile court must find, by a preponderance of the

evidence, that the State has satisfied the section 54.02(j) requirements—that the

delay happened for reasons outside the control of the State. *Id.* § 54.02(j); *N.J.A.*,

997 S.W.2d at 557 ("If the person is over age eighteen, and section 54.02(j)'s

criteria are not satisfied, the juvenile court's only other option is to dismiss the

case.").[1] Because the State did not meet this burden, its non–compliance with

section 54.02 deprived the juvenile court of jurisdiction. We therefore hold that

the juvenile court lacked jurisdiction to transfer the case to a criminal district court

---

[1] We note that the Family Code provides an exception to this rule, which applies to incomplete proceedings. TEX. FAM. CODE ANN. § 51.0412 (West 2014); *see also B.R.H.*, 426 S.W.3d at 166. This exception, however, does not apply here, and neither party raises it as an issue.

9

and, as a result, the criminal district court never acquired jurisdiction. *See Webb*, 2001 WL 1326894, at *7.

## Conclusion

We vacate the trial court's judgment and dismiss the case for lack of jurisdiction.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Publish. *See* TEX. R. APP. P. 47.2(b).

10

# APPENDIX B



**Effective:[See Text Amendments] to August 31, 2009**

Vernon's Texas Statutes and Codes Annotated
  Family Code
    Title 3. Juvenile Justice Code
      Chapter 54. Judicial Proceedings
        →→ **§ 54.02. Waiver of Jurisdiction and Discretionary Transfer to Criminal Court**

(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

  (1) the child is alleged to have violated a penal law of the grade of felony;

  (2) the child was:

    (A) 14 years of age or older at the time he is alleged to have committed the offense, if the offense is a capital felony, an aggravated controlled substance felony, or a felony of the first degree, and no adjudication hearing has been conducted concerning that offense; or

    (B) 15 years of age or older at the time the child is alleged to have committed the offense, if the offense is a felony of the second or third degree or a state jail felony, and no adjudication hearing has been conducted concerning that offense; and

  (3) after a full investigation and a hearing, the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

(b) The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.

(c) The juvenile court shall conduct a hearing without a jury to consider transfer of the child for criminal proceedings.

(d) Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

(e) At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses. At least one day prior to the transfer hearing, the court shall provide the attorney for the child with access to all written matter to be considered by the court in making the transfer decision. The court may order counsel not to reveal items to the child or his parent, guardian, or guardian ad litem if such disclosure would materially harm the treatment and rehabilitation of the child or would substantially decrease the likelihood of receiving information from the same or similar sources in the future.

(f) In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:

   (1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

   (2) the sophistication and maturity of the child;

   (3) the record and previous history of the child; and

   (4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

(g) If the petition alleges multiple offenses that constitute more than one criminal transaction, the juvenile court shall either retain or transfer all offenses relating to a single transaction. A child is not subject to criminal prosecution at any time for any offense arising out of a criminal transaction for which the juvenile court retains jurisdiction.

(h) If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and shall transfer the person to the appropriate court for criminal proceedings and cause the results of the diagnostic study of the person ordered under Subsection (d), including psychological information, to be transferred to the appropriate criminal prosecutor. On transfer of the person for criminal proceedings, the person shall be dealt with as an adult and in accordance with the Code of Criminal Procedure. The transfer of custody is an arrest.

(i) A waiver under this section is a waiver of jurisdiction over the child and the criminal court may not remand the child to the jurisdiction of the juvenile court.

(j) The juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:

   (1) the person is 18 years of age or older;

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

(2) the person was:

(A) 10 years of age or older and under 17 years of age at the time the person is alleged to have committed a capital felony or an offense under Section 19.02, Penal Code;

(B) 14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the first degree other than an offense under Section 19.02, Penal Code; or

(C) 15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;

(3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4) the juvenile court finds from a preponderance of the evidence that:

(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

(B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

(i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

(ii) the person could not be found; or

(iii) a previous transfer order was reversed by an appellate court or set aside by a district court; and

(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

(k) The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering waiver of jurisdiction under Subsection (j) of this section.

(l) The juvenile court shall conduct a hearing without a jury to consider waiver of jurisdiction under Subsection

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

(j) of this section.

(m) Notwithstanding any other provision of this section, the juvenile court shall waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal court for criminal proceedings if:

  (1) the child has previously been transferred to a district court or criminal district court for criminal proceedings under this section, unless:

    (A) the child was not indicted in the matter transferred by the grand jury;

    (B) the child was found not guilty in the matter transferred;

    (C) the matter transferred was dismissed with prejudice; or

    (D) the child was convicted in the matter transferred, the conviction was reversed on appeal, and the appeal is final; and

  (2) the child is alleged to have violated a penal law of the grade of felony.

(n) A mandatory transfer under Subsection (m) may be made without conducting the study required in discretionary transfer proceedings by Subsection (d). The requirements of Subsection (b) that the summons state that the purpose of the hearing is to consider discretionary transfer to criminal court does not apply to a transfer proceeding under Subsection (m). In a proceeding under Subsection (m), it is sufficient that the summons provide fair notice that the purpose of the hearing is to consider mandatory transfer to criminal court.

(o) If a respondent is taken into custody for possible discretionary transfer proceedings under Subsection (j), the juvenile court shall hold a detention hearing in the same manner as provided by Section 54.01, except that the court shall order the respondent released unless it finds that the respondent:

  (1) is likely to abscond or be removed from the jurisdiction of the court;

  (2) may be dangerous to himself or herself or may threaten the safety of the public if released; or

  (3) has previously been found to be a delinquent child or has previously been convicted of a penal offense punishable by a term of jail or prison and is likely to commit an offense if released.

(p) If the juvenile court does not order a respondent released under Subsection (o), the court shall, pending the conclusion of the discretionary transfer hearing, order that the respondent be detained in:

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

(1) a certified juvenile detention facility as provided by Subsection (q); or

(2) an appropriate county facility for the detention of adults accused of criminal offenses.

(q) The detention of a respondent in a certified juvenile detention facility must comply with the detention requirements under this title, except that, to the extent practicable, the person shall be kept separate from children detained in the same facility.

(r) If the juvenile court orders a respondent detained in a county facility under Subsection (p), the county sheriff shall take custody of the respondent under the juvenile court's order. The juvenile court shall set or deny bond for the respondent as required by the Code of Criminal Procedure and other law applicable to the pretrial detention of adults accused of criminal offenses.

CREDIT(S)

Acts 1973, 63rd Leg., p. 1460, ch. 544, § 1, eff. Sept. 1, 1973. Amended by Acts 1975, 64th Leg., p. 2156, ch. 693, § 16, eff. Sept. 1, 1975; Acts 1987, 70th Leg., ch. 140, §§ 1 to 3, eff. Sept. 1, 1987; Acts 1995, 74th Leg., ch. 262, § 34, eff. Jan. 1, 1996; Acts 1999, 76th Leg., ch. 1477, § 8, eff. Sept. 1, 1999.

Melendez v. State, 4 S.W.3d 437 (Tex. App.--Houston [1st Dist.] 1999, no pet.) (failure to notify consular officer that national arrested not a jurisdictional defect in certification proceedings)

*In re* N.M.P., 969 S.W.2d 95 (Tex. App.--Amarillo 1999, no pet.) (novelty of DNA testing in 1988 justified delay in certification proceedings)

*In re* D.L.J., 981 S.W.2d 815 (Tex. App.--Houston [1st Dist.] 1998, no writ) (conducting hearing without counsel reversible)

*In re* J.C.C., 952 S.W.2d 47 (Tex. App.--San Antonio 1997, no writ) (due diligence not shown for post-18 year old certification proceedings)

Brosky v. State, 915 S.W.2d 120 (Tex. App.--Fort Worth 1996, review ref'd) (prosecuting for different overt act but same conspiracy as alleged in certification petition OK)

(C) 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.